UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In Admiralty

In the Matter of:                                              Case No.:

The Complaint of Kevin Kyle, as owner of a 22-foot 2015 Edgewater Runabout bearing Hull Identification Number DMA10133C515, her engines, tackle, apparel, and appurtenances, for exoneration from or limitation of liability.

_____/

**COMPLAINT FOR EXONERATION
FROM OR LIMITATION OF LIABILITY**

Plaintiff, KEVIN KYLE, as owner of a 22-foot 2015 Edgewater Runabout bearing Hull Identification Number DMA10133C515 (hereinafter referred to as the "Vessel"), hereby files this Complaint for Exoneration from or Limitation of Liability, and alleges as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

2. This Court has jurisdiction over the claim under 28 U.S.C. § 1333, because the incident described below occurred on navigable waters and bears a substantial relationship to traditional maritime activity.

3. At all times relevant to this Complaint, Kevin Kyle was the owner of the Vessel (hereinafter referred to as "Kyle").

4. Venue is proper in this district because the incident alleged in the Complaint occurred on navigable waters in New Smyrna Beach, Volusia County, Florida.

## Facts of the Case

5. Hurricane Ian made landfall at Cayo Costa in Southwest Florida on September 28, 2022.

6. After making landfall, Hurricane Ian weakened as it moved across the State of Florida towards the East Coast.

7. By the time Hurricane Ian impacted Volusia County, it had been downgraded to a tropical storm.

8. Before Tropical Storm Ian, Kyle often kept his Vessel on a lift in a dock house at a dock located on the navigable waters of the Indian River in New Smyrna Beach, Florida.

9. The boat lift and dock where Kyle sometimes kept the Vessel is owned by a friend who allowed Kyle to keep the Vessel there.

10. Kyle monitored the progress of Ian as it moved across the state.

11. In preparation for Tropical Storm Ian's arrival in Volusia County, Kyle raised the Vessel on the lift as high as it could go and then secured her to the dock with 8 one-half inch lines.

12. All of the lines Kyle used were in good condition.

13. Some of the lines used by Kyle to secure his Vessel belonged to him and some to his friend who owned the dock.

14. Also secured to the dock in preparation for Tropical Storm Ian, was a 32-foot Sailboat and an 82 foot (approximately) Broward Motor Vessel.

15. The sailboat is owned by another friend of the dock owner.

16. The Broward is the dock owner's personal boat.

17. Before Tropical Storm Ian struck New Smyrna Beach, the three vessels were secured to the dock generally as depicted in the photograph below.



18. Tropical Storm Ian struck New Smyrna Beach on September 29, 2022.

19. During the storm, a 43-foot sailing vessel named *Therapeutic*, a Coast Guard documented vessel of 22 gross tons, drifted into the starboard side of the dock owner's Broward.

20. Wind from Tropical Storm Ian drove the S/V *Therapeutic* against the Broward and into the dock and dock house where Kyle's Vessel was secured.

21. Because of the S/V *Therapeutic* pushing against the Broward and the adjacent dock, the dock and dock house were severely damaged.

22. Docking a vessel on navigable waters and securing her in preparation for adverse weather are traditional maritime activities.

23. The owner of the dock has asserted a claim against Kyle for the damage suffered during the Tropical Storm.

24. It is not currently known whether any other claims will be asserted against Kyle.

25. The Vessel was severely damaged in the storm and later declared a constructive total loss.

26. The Vessel had a post casualty value of $16,906.00, the price for which she was sold after the storm. This value represents the maximum amount of Kyle's interest in the Vessel.

27. Before and at the time of the events described in this Complaint, the Vessel was in all respects seaworthy and properly and sufficiently equipped and furnished with suitable tackle, apparel and appliances, all in good order and condition and suitable for the recreational uses in which she was engaged.

28. At all times relevant to this Complaint, Kyle exercised due diligence to make the Vessel seaworthy in all respects and properly and sufficiently equipped and supplied with suitable machinery, tackle, apparel and appliances.

29. The incident and damage described in this Complaint was not caused or contributed to by any fault, neglect, or lack of care on the part of the Kyle, the Vessel, or others for whom they are responsible. Therefore, Kyle is entitled to exoneration from liability.

30. As an alternative to exoneration, and without admitting liability or fault, Kyle states that in the event he or the Vessel is held responsible to any party, by reason of the incident described herein, then he claims the benefit of limitation of liability as provided for 46 U.S.C. §§ 30501 – 30511.

31. In support of his request for limitation of liability, Kyle states that all injuries, losses and damages sustained because of the incident described in this Complaint occurred without his fault and without his privity or knowledge.

32. Kyle has filed with this Court his ad interim stipulation in the amount of $16,906.00 the maximum amount of the post-casualty value of his interest in the

Vessel, together with costs and interest at the rate of 6% per year from the date of the ad interim stipulation.

33. This Complaint is timely filed because it was filed within 6 months after receipt of written notice of a claim subject to limitation.

34. All and singular, the premises are true and within the admiralty and maritime jurisdiction of this Court.

WHEREFORE, Kyle respectfully requests:

(a) That this Court cause due appraisal to be made of the amount or value of his interest in the Vessel immediately following the incident of September 29, 2022;

(b) That this Court enter an order directing Kyle to file an ad interim stipulation to be approved by the Court providing for payment into the Court of the amount or value of his interest in the Vessel plus pending freight, if any, together with costs and interest at the rate of 6% per year or a bond therefore, whenever the Court shall so order;

(c) That the Court enter an order directing the issuance of a monition to all persons, firms and corporations claiming damages for any and all injury, loss, damage or destruction resulting from the incident of September 29, 2022, as described above and citing them to appear as directed and to make due proof of their respective claims and also to appear and answer

the allegations of this Complaint according to the law and the practices of this Court on or before a date and time to be fixed by the monition;

(d) That the Court enter an order directing that upon giving of such stipulation as may be determined to be proper or of ad interim stipulation for the payment into the court of his interest, or a bond therefore, an injunction shall issue restraining the prosecution of any and all suits, actions and proceedings already begun to recover damages arising out of, occasioned by or as a consequence of the casualty set forth in this Complaint, and the commencement or prosecution thereafter of any suits, actions or legal proceedings of any nature or description whatsoever except in the present proceedings against Kyle, the Vessel or her underwriters in respect of any claim or claims arising out of the incident described above.

(e) That the Court will adjudge the following:

(i) That Kyle and the Vessel are not liable to any extent for any injury, loss, damage or expense, for any claim whatsoever in any way arising out of or in consequence of the incident described in this Complaint; or

(ii) If Kyle or the Vessel are adjudged liable, that such liability be limited to the amount or value of the Kyle's interest in the Vessel

7

immediately following the incident of September 29, 2022 and that the Vessel be discharged therefrom upon payment of the bond amount, and that the money surrender, paid or secured be divided according to the provisions of the statutes mentioned in the Complaint among the claimants who duly prove their claims in accordance with the provisions of the order requested above, saving to all parties any priorities to which they may be legally entitled and that a decree be entered discharging Kyle, underwriters, and the Vessel from all further liability; and

(f) That Kyle may have such other and further relief as deemed proper under the circumstances.

Respectfully submitted,

        WHITEBIRD, PLLC
        Attorneys for Plaintiff

        /s/ Ted L. Shinkle, Esq.
        Ted L. Shinkle, Esq.
        Florida Bar No.: 608051
        2101 Waverly Place, Ste. 100
        Melbourne, FL 32901
        Phone:  321.327.5580
        Fax:  321.327.5655
        Email: tshinkle@whitebirdlaw.com
        Secondary: jaliano@whitebirdlaw.com